UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS ALEXANDER T. C.,[1] | No.  2:26-cv-00743-KES-SKO (HC) |
| Petitioner, | A-Number: 206-492-880 |
| v. | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | **[10-DAY DEADLINE]** |

Petitioner Denis Alexander T. C. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) On March 12, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (Doc. 4.)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

On March 17, 2026, Respondents filed a response in which Respondents object to the award of injunctive relief and granting of the petition. (Doc. 5.) Respondents do not address whether this case is materially distinguishable from the noted cases, and rely on their position that Petitioner, as an "applicant for admission," is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). This argument was rejected by this Court in the cases previously cited.

Respondents also note that Petitioner was taken into custody upon his release from the Pinellas County Jail. (Doc. 5 at 1.) According to the Form I-831 attached to the response, Petitioner was booked into Pinellas County Jail after a traffic stop on "local charges." (Doc. 5-1 at 2.) The charges appear to be a violation of Immigration and Nationality Act § 212(a)(7)(A)(i)(I) (Immigrant without an immigrant visa). (Id.) Respondents do not argue that Petitioner was taken into custody pursuant to 8 U.S.C. § 1226(c)(1) as an alien deportable by reason of having committed a qualifying offense, nor does there appear to be any ground for this argument.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons addressed in those prior orders.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 18, 2026**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3